IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN R. KOLTHOFF,

                    Petitioner,

          v.                              CASE NO.  07-3196-RDR

U.S. MARSHAL, et al.,

                    Respondents.

O R D E R

This petition for writ of habeas corpus was filed pursuant to
28 U.S.C. § 2241 by a prisoner currently confined in the Arizona
State Prison, Florence, Arizona.  Petitioner alleges he is in the
custody of the Arizona Department of Corrections (ADOC) and is
serving a federal sentence concurrent with his state sentences.  Mr.
Kolthoff was convicted in the United States District Court for the
District of Kansas upon his plea of guilty of violating 18 U.S.C. §
922(g).  On November 2, 2006, he was sentenced to 18 months in
prison plus 2 years supervised release to be served concurrently
with "sentence imposed in the Superior Court of Arizona Case No. 88-
05148."  See U.S.A. v. Kolthoff, 05-cr-40043-JAR, Judgment (Doc.
66)(11/2/06).  Petitioner directly appealed the denial of his motion
to suppress in the federal criminal case, and that appeal is
currently pending.

As grounds for relief, Mr. Kolthoff claims he has fully served
his federal sentence, and is being confined beyond his expiration
date.  In support, he alleges he was in federal custody for 10-14
days in May 2005, and again from January 2006 till March 2007; and

that he was returned to Arizona DOC custody where his federal sentence continued to run concurrent "to Arizona time." He also alleges he has been given no good time "which would be 52-78 days," even though other inmates "under same conditions" have received good time and release[1]. He further alleges that a hold by the U.S. Marshal Service (USMS) is adversely affecting his security level, and caused his grant of Arizona parole to be revoked. He claims his parole date has been "moved up 3 more months because of US Marshals (sic) statement" that he had not served his federal sentence.

Petitioner attaches a 2255 Petition to his 2241 Petition, with no explanation. A petition filed pursuant to 28 U.S.C. § 2255 must be filed in the criminal case. However, petitioner does not appear to be challenging his sentence or conviction, which are the type of claims to be raised under Section 2255. In the attached 2255 Petition, Kolthoff asks to be "granted the time that I served," given reason why he lost 52-78 days good time, and compensated "for extra time spent in custody."

Mr. Kolthoff has not submitted either the filing fee of $5.00 required for a habeas corpus action under Section 2241, or a motion for leave to proceed without prepayment of fees. 28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month

---

[1]      Petitioner also complains that his furlough to which he was entitled under Arizona state law was revoked due to the USMS hold.

period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). This action may not proceed until petitioner has satisfied the filing fee either by paying the fee or submitting a motion that conforms to the requirements of 28 U.S.C. § 1915.

Petitioner did not answer the questions in his form petition regarding exhaustion of administrative remedies. He is advised that exhaustion of prison administrative remedies is generally required before challenges to the execution of a federal sentence are heard in federal court. Thus, he must show that he has exhausted all available administrative remedies within the Bureau of Prisons or that such remedies are not available.

Petitioner will be given twenty (20) days to satisfy these two prerequisites to proceeding on his petition in federal court. If he fails to comply with this Order, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that petitioner is given twenty (20) days in which to submit either the filing fee of $5.00 required herein or a proper and supported motion for leave to proceed in forma pauperis, and to show exhaustion of prison administrative remedies.

The clerk is directed to transmit to petitioner the forms for filing a motion for leave to proceed without prepayment of fees.

**IT IS SO ORDERED.**

DATED:  This 20th day of September, 2007, at Topeka, Kansas.


s/RICHARD D. ROGERS
United States District Judge